Case 4:23-cv-02985   Document 15   Filed on 05/14/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEO SCHEIDLER, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-2985 |
| | § | |
| ESSENTIA INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before this Court is Essentia Insurance Company's ("Defendant") Motion for Summary Judgment. (Doc. No. 14). Leo Scheidler ("Plaintiff") did not respond to the motion, and the time to do so has passed, making the motion ripe for ruling. Having considered the motion, relevant pleadings, and applicable law, the Court **GRANTS** Defendant's Motion for Summary Judgment. (*Id.*).

### I.     Background

This case arises from an alleged auto theft. Plaintiff alleges that he purchased a 2010 Dodge Viper from one Joshua Harris for $9,250 in June 2022. (Doc. No. 1-4 at 2). Plaintiff further alleges that he subsequently received good title for the vehicle. (*Id.*). Unbeknownst to him, however, that vehicle had been reported stolen by one Miguel Soto from Soto's garage in October 2017. (Doc. No. 14 at 1). Soto reported it to his insurance company, Defendant, who paid Soto for the loss and received title of the vehicle. (*Id.*). Missouri City Police Department seized the vehicle from Plaintiff's possession in July 2022. (*Id.*). Following a Stolen Property Hearing in the Missouri City Municipal Court held in August 2022, at which Plaintiff was represented by counsel, the presiding judge concluded that Defendant was the true owner of the property and ordered to vehicle to be restored to Defendant. (*Id.* at 2).

Contending that the police officers "did not accurately reflect the history of the vehicle" and that Plaintiff's good title was not honored, Plaintiff brought two state-law causes of action against Defendant in state court: (1) conversion and (2) fraud. (Doc. No. 1-4 at 2–3). Plaintiff also vaguely seeks a declaratory judgment "in its [sic] favor." (*Id.* at 4). After a timely removal to this Court, Defendant now moves for summary judgment on all of Plaintiff's claims. (Doc. No. 14).

## II.    Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant.

*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.  Analysis

Defendant seeks summary judgment on four grounds: (1) this suit is an impermissible collateral attack on the Order of the municipal judge; (2) Plaintiff cannot establish the elements of conversion; (3) Plaintiff cannot establish the elements of fraud; and (4) Plaintiff is not entitled to a declaratory judgment. These are taken in turn.

#### A. Collateral Attack

A collateral attack is one that "seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes." *Interest of D.S.*, 602 S.W.3d 504, 512 (Tex. 2020) (quoting *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012)). "Collateral attacks on final judgments are generally impermissible because 'it is the policy of the law to give finality to the judgments of the courts.'" *Id.* (quoting *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005)). "Only a void judgment may be collaterally attacked." *Id.* (quoting *Prostok*, 165 S.W.3d at 346). A judgment is void only "when it is apparent that the court rendering judgment 'had no jurisdiction over the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" *Id.* (quoting *Prostok*, 165 S.W.3d at 346).

This suit is a collateral attack on the judgment of the presiding judge in the Missouri City Municipal Court that ordered the vehicle in question "to be restored to the true owner of the property, Essentia Insurance Company." (Doc. No. 14-6 at 2). That is because Plaintiff seeks to "have the vehicle brought back into his possession," (Doc. No. 1-4 at 2), thereby "avoid[ing] the

binding effect of a judgment in order to obtain specific relief that the judgment currently impedes," *D.S.*, 602 S.W.3d at 512.

Since this suit is a collateral attack, it is only permissible if the judgment is void. Plaintiff has not shown that the judgment is void and the Court is unaware of any fact or law that would void the judgment. Since the judgment is not avoid, this collateral attack is impermissible. Texas Code of Criminal Procedure authorizes as follows:

> If a criminal action relating to allegedly stolen property is not pending . . . a municipal judge having jurisdiction as a magistrate in the municipality in which the property is being held or in which the property was alleged to have been stolen may hold a hearing to determine the right to possession of the property, upon the petition of an interested person, a county, a city, or the state.

TEX. CODE CRIM. PRO. art. 47.01a(a). Following the hearing, "[t]he court shall . . . order the property delivered to whoever has the superior right to possession, without conditions . . . ." *Id.* 47.01a(a)(1).

The order of the municipal court was fully within the bounds of the authorizing statute. No one contends that a criminal action was pending. Moreover, the summary-judgment evidence shows that the vehicle was being held within the territorial limits of Missouri City, (Doc. No. 14-3 at 1), which triggered the above-outlined provision of the Texas Code of Criminal Procedure that empowers a municipal judge of Missouri City to hold a hearing to determine the right of possession of the vehicle, *see* TEX. CODE CRIM. PRO. art. 47.01a(a). As authorized, the municipal judge held a hearing, (Doc. No. 14-5 at 3), and, also as authorized, ordered the vehicle be delivered to whomever had the superior right of possession, (Doc. No. 14-6). Nothing in the record casts doubt over whether the court rendering judgment "had no jurisdiction over the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act. *D.S.*, 602 S.W.3d at 512.

The proper course of action would have been to challenge the judgment of the municipal judge on appeal, which Plaintiff here never pursued. Texas Code of Criminal Procedure provides for an appellate process following a property hearing:

> Appeals from a hearing in a municipal court or justice court under Article 47.01a of this code shall be heard by a county court or statutory county court. The appeal is governed by the applicable rules of procedure for appeals for civil cases in justice courts to a county court or statutory county court.

TEX. CODE CRIM. PRO. art. 47.12(b). Nothing in the summary-judgment record suggests that Plaintiff ever pursued such an appeal in a county court or statutory county court. Thus, this collateral attack is impermissible.

### B. Plaintiff's Conversion Claim

On the merits, Plaintiff's claims fare no better. "Conversion is the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another to the exclusion of, or inconsistent with, the owner's rights." *Smith v. Maximum Racing, Inc.*, 136 S.W.3d 337, 341 (Tex. App.—Austin 2004, no pet.) (citing *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971)). The elements of conversion are as follows: (1) Plaintiff owned or had legal possession of the property or entitlement to possession; (2) Defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, Plaintiff's rights as an owner; (3) Plaintiff demanded return of the property; and (4) Defendant refused to return the property. *Id.*

Here, Plaintiff can, at best, make out only one of the elements of conversion. Plaintiff cannot show his entitlement to possession because a duly-rendered order of the Missouri City Municipal Court held that he is not entitled to possession and he has shown no evidence to negate that ruling. In turn, Plaintiff cannot show that Defendant unlawfully possessed the property because it held so lawfully, pursuant to that order of the municipal court. Moreover, nothing in the

5

summary-judgment evidence suggests that Plaintiff demanded return of the property. That also means Defendant never had a chance to refuse to return the property, but even if the Court assumes that answering this lawsuit and filing a dispositive motion constitute a refusal to return the property, that only satisfies one out of four essential elements of Plaintiff's claim. Since Plaintiff cannot raise fact issues on all but one element of conversion, his conversion claim fails.

### C. Plaintiff's Fraud Claim

To prevail on his fraud claim, Plaintiff must show, or at least raise genuine issues of material fact, on the following elements: (1) a material misrepresentation; (2) made with knowing of its falsity or asserted without knowledge of its truth; (3) made with the intention that it should be acted on by the other party; (4) which the other party relied on; and (5) which caused injury. *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018).

Plaintiff's fraud claim cannot survive summary judgment. First, Plaintiff fails to even specify which statement of Defendant was a material misrepresentation. The only allegation to that effect is that "Defendant . . . did not accurately reflect the history of the vehicle," (Doc. No. 1-4 at 2), which is vague and unsubstantiated by evidence. Second, there is no evidence of Defendant's knowledge of the falsity or intent that Plaintiff rely on it. Third, there is no evidence of reliance by Plaintiff, but even if there were, it was the municipal court, not Plaintiff, that relied on Defendant's representations in that proceeding. The only element Plaintiff could plausibly raise a fact issue on is that he suffered an injury, but that is insufficient to survive summary judgment.

### D. Declaratory Judgment

Since Plaintiff's underlying claims fail as a matter of law, his request for a declaratory judgment also fails. Plaintiff sought a declaratory judgment under the Texas Civil Practice & Remedies Code Chapter 37, which codifies the Texas Declaratory Judgment Act. (Doc. No. 1-4 at

4). Nevertheless, "[w]hen a declaratory judgment action filed in state court is removed to federal court, the federal court does not apply the Texas Declaratory Judgment Act." *Hansen v. Protective Life Ins. Co.*, 642 F. Supp. 3d 587, 595 (S.D. Tex. 2022). Instead, "the action is in effect converted into one brought under the federal Declaratory Judgment Act." *Id.* The federal Declaratory Judgment Act, however, provides no independent cause of action, but rather, "it is the underlying cause of action . . . that is actually litigated in a declaratory judgment action." *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990). Here, the Court has already concluded that Plaintiff's underlying causes of action fail as a matter of law. In turn, Plaintiff cannot prevail on his declaratory judgment action.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. (Doc. No. 14).

It is so ordered.

Signed on this the 14th day of May, 2025.

Andrew S. Hanen
United States District Judge